**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| George & Company LLC, a New York limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> Target Corporation, a Minnesota corporation, Target Brands, Inc., a Minnesota corporation, and various John Does, Jane Does and ABC Companies, <br><br> Defendants, | ) <br> ) <br> ) <br> ) <br> )    Case No. 1:20-cv-06219 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## Complaint

Plaintiff George & Company LLC ("Plaintiff" or "George & Company"), by and through its undersigned counsel., hereby brings this Complaint against Defendant Target Corporation, Target Brands, Inc., and various John Does, Jane Does and ABC Companies (collectively, "Defendants") and alleges as follows:

### Nature of the Action

1. Plaintiff, a world-renowned game company and the owner and distributor of the award winning LCR® and LCR LEFT! CENTER! RIGHT! ® dice game, files this Complaint against Defendants for trademark infringement, federal false designation of origin, passing off, and unfair competition under the Lanham Act, and violation of the Illinois Uniform Deceptive Trade Practices Act.

### Parties

2. Plaintiff George & Company is a limited liability company which is organized under the laws of New York.

3. Defendant Target Corporation is a Minnesota corporation doing business in all 50 states.

4. Defendant Target Brands, Inc. is a Minnesota corporation doing business in all 50 states.

5. Defendants various John Does, Jane Does and ABC Companies, upon information and belief, are individuals and/or business entities who, along with the other herein named Defendants, have engaged in the unauthorized and illegal acts complained of herein. The identities of these unnamed Defendants and the details of their legal associations with the named Defendants herein presently are not and cannot be known to Plaintiff, in large part because they have concealed their identities from public disclosure.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1338 (for claims arising under the Lanham Act).

7. This Court has jurisdiction over the claims herein arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1338(b), 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and this Court may properly exercise personal jurisdiction over Defendants, because: (i) this is a judicial district in which Defendants reside; and (ii) this is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred including, without limitation, Defendants' infringements of Plaintiff's protected trademarks within this judicial district. Defendants are, without authorization, using Plaintiff's trademarks and confusingly similar versions thereof to offer products for sale and soliciting customers in Illinois and this Judicial District, both in physical retail stores and online.

**Plaintiff and its Popular LCR® and LCR LEFT! CENTER! RIGHT!® Dice Games**

9. Plaintiff George & Company is a highly respected, fourth generation family owned business, and the original innovator and maker of the authentic, popular, award-winning LCR® and LCR LEFT! CENTER! RIGHT!® dice game. Plaintiff George & Company alone invented and created this worldwide best-selling game, known and loved by consumers of all ages and walks of life.

10. Plaintiff George & Company's products are well known to the public, iconic and highly recognizable, including the following familiar examples:







 

11. Plaintiff George & Company has marketed and sold dice, dice games, party games, board games, card games, and/or related entertainment products to the public for more than a century, with the LCR® and LCR LEFT! CENTER! RIGHT!® dice game being its most popular and successful game.

12. Plaintiff George & Company's efforts and accomplishments have made it a well-known and recognized name in the game and related entertainment product industries. George & Company has earned its enviable reputation as a result of its commitment to providing the highest quality goods and products.

13. Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® dice game is distributed and sold throughout the United States and abroad under one or more of George & Company's Marks including the LCR® and LCR LEFT! CENTER! RIGHT!® brands.

14. Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® dice game is a best-selling product, with multiple millions of units of the game having been sold by Plaintiff.

15. Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® dice game is exceedingly popular and commercially successful. Plaintiff George & Company's game has been featured on, among many others, the "Rachael Ray Show" and televised nationally on the ABC

television network as well as featured at www.rachaelrayshow.com. The well-known TDmonthly Magazine®, a trade magazine for the toy, hobby, game and gift industry, has listed George & Company's game as one of the "Top 10 Most Wanted Games," and retailers often identify George & Company's dice game as their "No. 1" and "biggest" seller.

16. As a result of Plaintiff George & Company's unceasing and wildly successful efforts, the LCR® and LCR LEFT! CENTER! RIGHT!® dice game has been known and loved throughout the world for decades, by people of all ages. For over a century, George & Company is and has been a highly respected and family owned business, having invented, created, manufactured, launched and continuously supplied one of the most successful games in history. George & Company has done this all within the same, longstanding, family business which dedicates itself to this high quality and original and authentic game.

17. As a result of decades of hard work and dedication, Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® original and authentic dice game has become a classic.

18. George & Company's high-quality game remains today, as it has always been, the one and only original authentic LCR® and LCR LEFT! CENTER! RIGHT!® dice game.

19. The matter in controversy exceeds, exclusive of interests and costs, the sum of FIVE MILLION DOLLARS ($5,000,000.00).

**Plaintiff's Trademark Rights**

20. George & Company LLC is the owner of all right, title and interest in and to the trademarks set forth below:

| Reg. No. | Trademark |
| --- | --- |
| 2,802,321 | |
| 2,989,658 | LCR |
| 3,801,144 | |
| 3,854,443 | PLAY LCR WITH CHIPS OR WHATEVER MAKES IT FUN FOR YOU |

| | |
|---|---|
| 3,917,337 | LCR |
| 3,917,401 | LCR |
| 3,922,749 | PLAY LCR WITH CHIPS OR WHATEVER MAKES IT FUN FOR YOU |
| 4,002,630 | |
| 4,006,384 | LCR |
| 4,053,314 | |
| 4,119,570 | |
| 4,132,929 | LCR |
| 4,201,291 | |
| 4,229,002 | |
| 4,419,874 | LCR WILD |
| 4,519,607 | LEFT, CENTER, OR RIGHT – DON'T LOSE YOUR CHIPS! |
| 4,519,608 | |
| 5,091,343 | |
| 5,091,344 | LEFT, CENTER, OR RIGHT – DON'T LOSE YOUR CHIPS! |

as well as many other related marks, including common law marks, all with longstanding and

prior use, covering a variety of goods and services, including without limitation dice games, party

games and board games featuring specially marked dice and chips, and many related goods and

services (hereinafter, collectively referred to as the "LCR Marks"). True and correct copies of the registration certificates of the LCR Marks are attached hereto as **Exhibit A**.

21. The LCR Marks are well-known to the public, legally valid, and subsisting, and owned exclusively by Plaintiff.

22. Plaintiff George & Company's dice game has been widely advertised and extensively offered for sale under the LCR Marks. As a result of George & Company's widespread and extensive use of the LCR Marks, and the public's widespread and favorable acceptance and recognition of them, the LCR Marks have become assets of substantial value as a symbol of George & Company, its quality goods, goodwill, and reputation.

23. Plaintiff George & Company enjoys considerable success and an enviable reputation in its industry and trade due in large part to its use of, and rights in, the LCR Marks.

24. Plaintiff George & Company has invested significant resources advertising and promoting its dice game using the LCR Marks in order to achieve the success it now enjoys. As a result of George & Company's investment, the LCR Marks have become synonymous with high-quality goods in its industry and related fields. George & Company's dice games have become well known and is in great demand throughout the U.S. and the world.

25. Plaintiff George & Company's Marks have been extensively and continuously advertised and promoted to the public through various means, including, but not limited to, appearances at toy shows, displays in retail stores, and on the internet. Further, George & Company's dice game has received widespread, unsolicited, consumer and industry recognition and acclaim.

26. As a result of such advertising and attention, the public has come to recognize Plaintiff George & Company's dice game bearing the LCR Marks as originating solely from George & Company.

**Defendants' Sale of Plaintiff's Products and Termination of the Relationship**

27. On or about December 2008, Defendants entered into an agreement with Plaintiff (the "Agreement") by which Defendants would purchase from Plaintiff and sell Plaintiff's genuine authentic original LCR® game throughout Defendants' approximately 1,700 stores. A true and correct copy of that agreement is attached hereto as **Exhibit B**.

28. During the term of the Agreement, Defendants purchased many hundreds of thousands of LCR® game units from Plaintiff.

29. In 2011, Defendants decided to no longer carry the Plaintiff's genuine authentic original LCR® game. Plaintiff undertook efforts to communicate with Defendants to try to be sure the Defendants understood the difference between Plaintiff's genuine game versus counterfeit / knock-offs of the game.

30. At no time were Defendants ever authorized to use Plaintiff brand or any of Plaintiff's marks without Plaintiff's permission.

31. On or about 2015, Defendants endeavored to use one or more of Plaintiff's registered marks without permission from Plaintiff.

32. On or about February 4, 2015, Plaintiff via counsel notified Defendants that Defendants were using, without authorization, one or more of Plaintiff's LCR Marks to offer and sell the Inauthentic Substitute Game, including through the use of Plaintiff's LCR Marks on labeling and advertising including, without limitation, in-store tags such as shelf talkers, appearing in Defendants' retail locations.

33. On February 19, 2015, Defendants informed Plaintiff that Defendants "removed LCR from the store scan and receipt description. This change was effective February 18, 2015". A true and correct copy of that correspondence is attached hereto as **Exhibit C**.

34. Several additional and similar incidents occurred thereafter and each time Defendants assured that they would correct the problem and would not continue to use Plaintiff's marks. **Exhibits C, D**.

35. On or about July 29, 2020, Defendants once again undertook illegal use of Plaintiff's LCR Mark despite having been fully aware of Plaintiff's rights and Defendants' duty to avoid infringement. A true and correct copy of a screenshot of a Target in-store scanner reading of the Inauthentic Substitute Game product listing, Department-Class-Item (DPCI) No. 087-00-158, using the LCR Mark "LCR" is attached hereto as **Exhibit E.**

36. At least as late as September 19, 2020, Defendants were, without authorization, using the LCR Mark "LCR" to advertise and offer to sell the Inauthentic Substitute Game in their Target stores including via their shelf talker and sales receipts and other associated advertising, including in Defendants' store in Lemont, Illinois, within this Judicial District, under the same DPCI No. 087-00-158.

37. Defendants' acts as set forth herein are likely to cause, and do cause, confusion, mistake, and deception as to the source or origin of Plaintiff's goods with Defendants, their activities, and their goods, and is likely to falsely suggest, and has already falsely suggested, a sponsorship, connection, license, or association between Plaintiff and Defendants. This confusion, mistake, and deception will immediately and irreparably injure and tarnish the goodwill and reputation that Plaintiff has diligently labored to establish in its goods and business.

38. Defendants' activities have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff and its rights, including, but not limited to, injuring its business reputation and the distinctive quality of the LCR Marks.

39. Defendants' unauthorized acts are designed to divert, and will have the result of diverting, customers from Plaintiff to Defendants.

40. Defendants have been unjustly enriched as a result of their unauthorized use of the LCR Marks.

41. Defendants' activities have caused and, if not enjoined, will continue to cause irreparable harm to the public, who has an interest in being free from confusion, mistake, and deception.

42. Plaintiff has no adequate remedy at law.

**Count I - Trademark Infringement and Counterfeiting, 15 U.S.C. §§ 1114, 1116(d)**

43. Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

44. Plaintiff's trademark infringement claims against Defendants are based on Defendants' unauthorized use in commerce of counterfeit imitations of the federally-registered LCR Marks in connection with the advertising, distribution, offering for sale, and sale of infringing goods, including the Inauthentic Substitute Game.

45. The LCR Marks are distinctive marks, and consumers have come to expect superior quality from products advertised, distributed, offered, or sold under the LCR Marks.

46. Defendants have advertised, distributed, offered to sell, sold, and are still advertising, distributing, offering to sell, and selling products using counterfeit reproductions of the LCR Marks, including the Inauthentic Substitute Game, without Plaintiff's permission.

47. Plaintiff is the exclusive owner of the LCR Marks. Plaintiff's registrations for the LCR Marks are in full force and effect.

48. Upon information and belief, Defendants are aware and have knowledge of Plaintiff's rights in the LCR Marks and are willfully infringing and intentionally using the Inauthentic Substitute Game.

49. Defendants' willful, intentional, and unauthorized use of the LCR Marks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Inauthentic Substitute Game among the general public.

50. Defendants' activities constitute willful trademark infringement under 15 U.S.C. § 1114.

51. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known LCR Marks if Defendants' actions are not enjoined.

52. Defendants' wrongful advertisement, offering to sell, and sale of the Inauthentic Substitute Game has directly and proximately caused injuries and damage to Plaintiff.

### Count II - False Designation of Origin, Passing Off, and Unfair Competition, 15 U.S.C. § 1125(a)

53. Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

54. The LCR Marks are distinctive trademarks.

55. Defendants' advertising, distribution, offering for sale, and sale of Inauthentic Substitute Game using the LCR Marks has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, and/or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Inauthentic Substitute Game by Plaintiff.

56. By using the LCR Marks in association with the advertising, distribution, offering for sale, and sale of the Inauthentic Substitute Game, Defendants create a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the Inauthentic Substitute Game.

57. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Inauthentic Substitute Game to the general public involves the willful use of spurious marks and is a willful violation of 15 U.S.C. § 1125.

58. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known LCR Marks if Defendants' actions are not enjoined.

### Prayer for Relief

**WHEREFORE**, Plaintiff, George & Company LLC, prays for judgment against Defendants as follows:

1)  That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.  using the LCR Marks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine LCR product or is not authorized by Plaintiff to be sold in connection with the LCR Marks;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine LCR product or any other product produced by Plaintiff that is not Plaintiff's or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the LCR Marks;

    c.  committing any acts calculated to cause consumers to believe that Defendants' Inauthentic Substitute Game are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.  further infringing the LCR Marks and damaging Plaintiff's goodwill;

    e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the LCR Marks, or any reproductions, counterfeit copies, or colorable imitations thereof;

    **f.** using, linking to, transferring, selling, exercising control over, or otherwise owning a business that is being used to sell products or inventory not authorized by Plaintiff which bear the LCR Marks;

    **g.** operating, facilitating and/or hosting websites which are involved with the distribution, marketing, advertising, offering for sale, or sell products or inventory not authorized by Plaintiff which bear the LCR Marks;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, eBay, Wish, Joom, Vova, Alibaba and AliExpress, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    **a.** disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the LCR Marks;

    **b.** disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods using without authorization the LCR Marks;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the LCR Marks be increased by a sum not exceeding three times the amount thereof pursuant to 15 U.S.C. § 1117(a);

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for the unauthorized use of each LCR Mark for each registered good or service;

5)  That Plaintiff be awarded its reasonable attorneys' fees and costs as available pursuant to 15

U.S.C. § 1117, and other applicable law; and

6)  Award any and all other relief that this Court deems just and proper.


Dated:  October 20, 2020

Respectfully submitted,

/s/Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
adamu@au-llc.com
Ph. (312) 715-7312
Fax (312) 646-2501

*Counsel for Plaintiff George & Company LLC*