# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE & COMPANY LLC, <br> a New York limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION, a Minnesota <br> corporation, et al., <br><br> Defendants. | 20 C 6219 |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant Target Corporation's ("Target") motion to transfer venue under 28 U.S.C. § 1404(a). For the following reasons, the Court grants Target's Motion and transfers this case to the U.S. District Court for the Eastern District of New York.

## BACKGROUND

The following facts are taken from the record and are undisputed unless otherwise noted.

Plaintiff George & Company LLC, a New York limited liability company, alleges that Target, a Minnesota corporation, violated the Lanham Act when it sold a dice game containing Plaintiff's "Left Center Right" and "LCR" trademarks. Target allegedly used the trademarks on shelf talkers, in-store scanners, and sales receipts for

the allegedly infringing dice game, which is manufactured by Spin Master. Plaintiff has already brought a trademark infringement action against Spin Master and several other retailers in the Eastern District in New York.[1] Target brings this Motion to transfer to the Eastern District of New York because of the pending litigation there. Plaintiff insists that the case should remain in the Northern District of Illinois because the alleged infringement by Target was discovered here.

## **LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The movant "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). In applying Section 1404(a), the Court "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219. The Court's analysis is "flexible and individualized," *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29

---

[1] *See George & Company LLC v. Spin Master Corp., et al.*, No. 1:19-cv-4391 (E.D.N.Y.); *see also* Dkt. # 17, at 2 (describing the history of Plaintiff's previous actions).

(1988), and "look[s] beyond a narrow or rigid set of considerations," *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

## DISCUSSION

The parties do not dispute the propriety of venue in the Northern District of Illinois, but they do dispute the appropriateness of venue in the Eastern District of New York. Therefore, the issues before the Court are: (1) whether venue is proper in the Eastern District of New York; (2) whether transfer will serve the convenience of the parties and witnesses (i.e. private interest factors); and (3) the interest of justice (i.e. public interest factors). The Court addresses these issues in turn.

### A. Venue

The threshold consideration is whether venue is proper in the Eastern District of New York. The Lanham Act does not have a venue provision, so venue is governed by the general venue statute, 28 U.S.C. § 1391. *Toddy Gear, Inc. v. Cleer Gear, LLC*, 2013 WL 6153052, at *3 (N.D. Ill. 2013). Under Section 1391, "a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

The test is "not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in the particular district." *Nicks v. Koch Meat Co., Inc.*, 260 F.Supp.3d 942, 952 (N.D. Ill. 2017). "[T]o be 'substantial,' the events that occurred

in the forum district must be a part of the historical predicate of the claim." *Schwartz v. Nat'l Van Lines, Inc.*, 317 F.Supp.2d 829, 834 (N.D. Ill. 2004). "[A] substantial portion of the events can occur in more than one place, and thus, venue can be proper in more than one district." *Mercantile Cap. Partners v. Agenzia Sports, Inc.*, 2005 WL 351926, at *4 (N.D. Ill. 2005).

Here, Target has shown that a significant amount of advertising of the alleged inauthentic game on shelf talkers, in-store scanners, and sales receipts occurred in the Eastern District of New York. Dkt. # 17-1, at 2. Plaintiff merely argues the alleged infringement also occurred in this District, but that does not defeat the propriety of venue in the Eastern District of New York. *See id.* (noting that venue can be proper in more than one district).

Plaintiff also argues, without support, that transferring venue to the Eastern District of New York is improper because that is not Target's home district. We find this argument unconvincing. While venue in Target's home in the District of Minnesota may also be proper, there is no rule that transfer of venue is limited to a defendant's home district. In fact, motions to transfer venue to a district other than the defendant's home have been granted in many circumstances. *See, e.g., Villalobos v. Cooper Tire & Rubber Co.*, 2005 WL 8179132, at *2 (N.D. Ill. 2005) (transferring case to Western District of Texas on motion of Delaware corporation headquartered in Ohio); *Connor v. Kotchen*, 2019 WL 1298585, at *1, 7 (S.D. Ind. 2019) (granting motion to transfer to

4

the District of Minnesota by an Indiana resident). Thus, we believe venue is also proper in the Eastern District of New York.

**B. Private Interest Factors**

In evaluating the relevant private interests, the Court weighs "(1) plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience of the parties and (5) the convenience of the witnesses." *Cent. States, Se. & Sw. Areas Pension Fund v. Mills Investments, LLC*, 2011 WL 4901322, at *2 (N.D. Ill. 2011). We address each factor in turn.

1. **Plaintiff's Choice of Forum**

The first factor—plaintiff's choice of forum—is neutral. As we have previously observed, "[w]here a plaintiff does not reside in his chosen forum, the deference owed his choice is substantially reduced." *Post Media Sys. LLC v. Apple Inc.*, 2020 WL 833089, at *2 (N.D. Ill. 2020) (Kocoras, J.). Additionally, a "plaintiff's choice of forum may be afforded less deference . . . when another forum has a stronger relationship to the dispute or when the forum of plaintiff s choice has no significant connection to the situs of material events." *Sunrise Bidders, Inc. v. GoDaddy Grp., Inc.*, 2011 WL 1357516, at *2 (Kocoras, J.).

So, while Plaintiff is correct that its choice is awarded some deference, its residence in New York diminishes any deference it is owed. Most of the cases Plaintiff relies on reiterate this principle. *See, e.g., TouchTunes Music Corp. v. Rowe Intern. Corp.*, 676 F. Supp 2d 169, 173 (S.D. N.Y. 2009) ("Though the amount of weight

5

accorded to Plaintiff's choice of forum is reduced when the chosen forum is neither where Plaintiff resides nor where the events giving rise to the action occurred . . . Plaintiff's choice of forum nevertheless should not be disturbed unless the balance of factors clearly weighs in favor of a transfer."); *H.B. Sherman Mfg. Co. v. Rain Bird Nat. Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997) ("Where, as in the present case, the plaintiff is not a resident of the forum district, this factor is given no additional weight and is merely another factor to consider along with the others.") The others are distinguishable. *See, e.g., Gold Eagle Co. v. Li*, 486 F. Supp. 201, 204 (N.D. Ill. 1980) (Plaintiff was a resident of its chosen forum); *Overseas Media, Inc. v. Skvortsov*, 441 F. Supp. 2d 610 (S.D.N.Y. 2006) (concerning a motion to dismiss for forum non conveniens).

Any deference owed is also diminished by the fact that the Eastern District of New York has a stronger connection to the claims because there are nearly identical proceedings currently pending regarding the same trademarks and claims.

Lastly, deference to Plaintiff's choice of forum is further diminished because this District is not the only situs of material events. As discussed in more detail below, the situs of material events could apply anywhere throughout the country, including New York. While some significant events did occur in Illinois, the alleged infringement occurred in many districts nationwide there should not be significant deference given to this District. *See Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017) ("Sales alone are insufficient to establish a substantial connection to the forum

if the defendant's goods are sold in many states."); *Weber-Stephen Prods., LLC v. Char-Broil, LLC*, 2016 WL 5871505, at *4 (N.D. Ill. 2016) (explaining that because the accused product was sold nationwide and the alleged infringement occurred in multiple fora, the connection to the plaintiff's chosen forum was not particularly strong and should not be accorded significant weight). Thus, any deference to Plaintiffs' choice of forum is diminished and this factor weighs neutral.

### 2. Situs of Material Events

The second factor—the situs of material events—favors transfer. Plaintiff contends, without support, that because Target's infringement was discovered in Illinois, this District has a stronger connection to the situs of material events. However, the material events inquiry focuses on the location of actions creating the injury, not the location of the injury itself. *Event News Network, Inc. v. Thill*, 2005 WL 2978711, at *4 (N.D. Ill. 2005). Even if it were, Target has established that Plaintiff has known about Target's sale of the alleged inauthentic game for years before the discovery of the game in Illinois. Target points to Plaintiff's exhibits, including emails from 2015, and pleadings in the other infringement cases that indicate Plaintiff knew of the nationwide sales of the alleged inauthentic game. ECF No. 27 at 5, 6 (citing Dkt. 23-3; 23-4; *George I*, No. 2:18-CV-154-SPC/MRM, Dkt. 72 ¶ 179). Thus, Plaintiff's allegations that the infringement was discovered in Illinois is immaterial.

Instead, Plaintiff alleges that the infringement occurred nationwide. When products are sold nationwide, the fact that a product is sold in one district does not force

7

the parties to litigate the case there. *H.B. Sherman Mfg. Co.*, 979 F. Supp. at 630 ("The fact that [defendant] markets its products in the Northern District does not compel the parties to try the case here. Any consumer confusion that occurs in the Northern District presumably also occurs in the Central District of California as well as other locales where the products are sold."). The pending litigation in the Eastern District of New York and Plaintiff's headquarters in New York, however, give that district a stronger connection to the claims. Therefore, this factor favors transfer.

### 3. Relative Ease and Access to Sources of Proof

The third factor—the relative ease and access to sources of proof—strongly favors transfer. Plaintiff argues that because Target is headquartered in Minneapolis, any relevant information they have would be located there and, therefore, transfer to New York is not proper. Target states that they anticipate calling only a few, if any, witnesses from their own company and admits that those witnesses are in Minneapolis. Target also says that they anticipate producing limited documents regarding the Left Center Right game and those documents are also in Minneapolis. Target's documents, though, are stored electronically, which makes for an easy transfer to any forum, including Illinois and New York. *See Sunrise Bidders, Inc.*, 2011 WL 1357516, at *2 (noting that "electronic information can conveniently be accessed from, and stored in, any location.").

Additionally, and more importantly, Plaintiff and Spin Master have already produced a large number of documents relevant to this case in the Eastern District of

New York. These documents—over sixty boxes worth—are relevant to the claims in this case and have not yet been copied into electronic form. Dkt. # 27, at 9. This factor therefore weighs in favor of transfer.

### 4. Convenience of the Parties

The fourth factor—the convenience to the parties—also strongly favors transfer. This factor considers "the parties' residences and their ability to bear the expense of litigating in each forum." *McCain Foods Ltd. v. J.R. Simplot Co.*, 2017 WL 3432669, at *4 (N.D. Ill. 2017). Given Plaintiff's residence in New York, it should be more convenient for them to litigate in New York rather than in Illinois. Although Target is a Minnesota corporation, litigation in New York is also preferable for Target since it seeks a transfer there. Additionally, most relevant witnesses and documents are located in New York and make that district a more convenient forum for the parties. This factor thus favors transfer.

### 5. Convenience of the Witnesses

The fifth factor—the convenience of the witnesses—favors transfer. "The convenience of the witnesses is often the most important factor in determining whether to grant a motion to transfer." *Mgmt. Registry, Inc. v. Batinich*, 2018 WL 1586244, at *4 (N.D. Ill. 2018) (Kocoras, J.). The convenience of non-party witnesses is given greater weight than the convenience of the parties. *Hirst v. SkyWest, Inc.*, 405 F.Supp.3d 771, 778 (N.D. Ill. 2019). Typically, the moving party must clearly specify the key witnesses to be called and make at least a generalized statement about what

their testimony will be. *Id.* However, this Court has held that this factor can weigh in favor of transfer even where witnesses are not specifically named. *See, e.g.*, *Mgmt. Registry*, 2018 WL 1586244, at *4; *Burt v. C.H. Robinson Worldwide, Inc.*, 2007 WL 781736, at *4 (N.D. Ill. 2007).

As previously noted, many of the witnesses are located in or near the Eastern District of New York. Target says that it only plans to call a small number of witnesses from its headquarters in Minnesota. Keeping the action in this District would burden nearly all witnesses, whether party or non-party witnesses. For example, witnesses from Plaintiff, Spin Master, and Target, who will provide similar testimony in each action, would all need to travel to Chicago to testify. As we previously noted, "[t]o haul witnesses into an Illinois courtroom whose roles are potentially duplicative in the [related] action . . . would contravene the purpose of [Section] 1404(a), 'to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Mgmt. Registry, Inc.*, 2018 WL 1586244, at *5. The need for only a few witnesses to travel to New York instead of all witnesses traveling to Illinois is clearly more convenient for all involved. Therefore, this factor also weighs in favor of transfer.

In sum, the private interest factors favor transfer to New York and trump Plaintiff's choice of forum.

**C. Public Interest Factors**

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation,* 626 F.3d at 978. In evaluating the interests of justice, the Court considers (1) docket congestion and likelihood to proceed to a speedy trial, (2) each court's relative familiarity with the relevant law, (3) the respective desirability of resolving controversies in each locale, and (4) the relationship of each community to the controversy. *Id.*

**1. Docket Congestion and Speed to Trial**

The first public interest factor—docket congestion and speed to trial—favors transfer. "To evaluate the speed at which a case will proceed, courts look to two statistics: (1) the median number of months from filing to disposition for civil cases and (2) the median number of months from filing to trial for civil cases." *Campbell v. Campbell*, 262 F. Supp. 3d 701, 712 (N.D. Ill. 2017). Here, the median time from filing to disposition is 11.2 months in the Northern District of Illinois, while the median time from filing to disposition in the Eastern District of New York is 8.5 months. *United States District Courts—Judicial Caseload Profiles*, U.S. Cts. 10, 47 (Apr. 7, 2020) (comparing annual case statistics for each active federal judgeship). The median time from filing to trial is 41.3 months in the Northern District of Illinois, while the median time form filing to trial is 39.7 months in the Eastern District of New York. *Id.* Thus, the Northern District of Illinois is slightly more congested than the Eastern District of New York. While the time differences are not staggeringly different, the fact that the

11

Eastern District of New York has already conducted some discovery, motion practice and settlement conferences in the related pending case tips the scale towards transfer. Therefore, this factor favors transfer.

### 2. Familiarity with Applicable Law

The parties agree that the legal issues in this case are governed by federal law and both courts are equally competent to hear these claims. This factor is therefore neutral.

### 3. The Respective Desirability of Resolving Controversies in Each Locale

The third factor—each locale's desire to resolve the controversy—favors transfer. As previously mentioned, New York has a stronger connection to the claims since cases involving similar claims are currently pending there and because Plaintiff is a New York company. Given the overlap in factual and legal issues between each of the related actions, it is unnecessary to waste time, energy, and money resolving them in two different districts. *See Aliano v. Quaker Oats Co.*, 2017 WL 56638, at *3 (N.D. Ill 2017) ("Cases in which the interest-of-justice element may be determinative include those where there is related litigation in a forum where consolidation is feasible.") (cleaned up); *Villalobos*, 2005 WL 8179132, at *2 ("The interests of judicial economy are clearly served by transferring this case because potential consolidation would avoid duplicative litigation of both factual and legal issues and would avoid the possibility of contradictory outcomes."). This factor therefore favors transfer.

### 4. Relationship of Each Community to the Controversy

The fourth and final public interest factor—the relationship of each community to the controversy—favors transfer. When a party operates stores nationwide, there is not a compelling community interest in one particular district. *Lafleur v. Dollar Tree Stores, Inc.*, 2012 WL 2280090, at *7 (N.D. Ill. 2012) ("Because Dollar Tree operates stores nationwide, we find that, with respect to Plaintiffs' claims, there is no compelling community interest that would be preserved by the selection of one venue over another." (cleaned up)). As already established, Target operated stores nationwide and sold the allegedly infringing product nationwide. New York, though, has an interest in protecting one of its companies. As Plaintiff is headquartered in the Eastern District of New York and there are similar actions pending there, that community has a much greater relationship to the claims. This factors thus weights in favor of transfer.

Taking the private and public interest factors together, the Court concludes that the Eastern District of New York is a clearly more convenient and just forum for the efficient resolution of this dispute. Transfer is therefore warranted.

### CONCLUSION

For the foregoing reasons, the Court grants Target's motion to transfer venue. The Clerk is ordered to transfer this action to the United States District Court for the Eastern District of New York. It is so ordered.

Dated: 07/14/2021

_____
Charles P. Kocoras
United States District Judge